**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 13 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-37118 |
| | ) | |
| Wendelyn A. Inman | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER**

The court held a hearing on Debtor's counsel's motion to waive the $53 administrative fee imposed by the Clerk upon declination of a filing fee payment made by an account debit through the Pay.gov system. [Doc. # 79]. Debtor's counsel appeared by telephone.

When this case was filed on October 20, 2010, Debtor paid only $65 of the $274 filing fee due. (The Chapter 13 case filing fee has increased since then.) But no application to pay the filing fee in installments was filed, *see* Fed. R. Bankr. P. 1006(b), and non-payment of the balance due slipped through the cracks in the Clerk's office until recently. When the oversight was brought to counsel's attention, she first tried to pay the balance due on July 23, 2014, through the electronic Pay.gov system. The payment was made by debit from counsel's IOLTA business checking account. A receipt for the $209.00 payment was entered on the court record on July 23, 2014. The Clerk was later informed that the payment was declined by the bank as unsuccessful. Notice to counsel of the payment declination and the resulting $53 administrative fee assessed as a result was filed by the Clerk on July 30, 2014. [Doc. # 78].

Thereafter counsel sought to pay the balance of the filing fee the old fashioned way–by mailing the Clerk a paper check drawn on the same IOLTA business checking account. The check was received by the Clerk on August 1, 2014, and submitted for payment. Counsel reported at the hearing that the paper check cleared her account on August 4, 2014. The Clerk cannot confirm that and will only receive notice if the check is returned NSF. Seven business days have now passed since the Clerk deposited the check. The check has not been returned as NSF. The court will therefore presume that the check has cleared and the payment successfully made. Along with submission of the check to the Clerk, counsel filed her motion to waive the $53 administrative fee assessed for declination of the payment the first time it was submitted.

Fees in bankruptcy cases are governed by statute. 28 U.S.C. § 1930. Basic filing fee amounts under the various chapters of the Bankruptcy Code and their collection are governed by § 1930(a). Under § 1930(b), Congress authorized the Judicial Conference of the United States ("Judicial Conference") to prescribe certain additional fees in bankruptcy cases. Those additional fees are published by the Judicial Conference in a document called the Bankruptcy Court Miscellaneous Fee Schedule (28 U.S.C. § 1930), which is available through this court's website under the tab "Fees" by clicking on the item called "Misc Fee Schedule." One of the additional fees set by the Judicial Conference is item number 13 on the Miscellaneous Fee Schedule "[f]or a check paid into the court which is returned for lack of funds, $53." This is the fee that was assessed to counsel upon declination by her bank of the July 23, 2014, debit from her business checking account.

The Judicial Conference's description of the $53 fee sets an assessment upon payment by a check returned for insufficient funds. That is an outmoded description. It does not reflect the reality of the way filing fees are paid and indeed are now generally required to be paid by lawyers representing clients in the bankruptcy courts, which is electronically by account debit or by credit card through the Pay.gov system. While the Judicial Conference might be well-served to update its wording, the court nevertheless finds that the substance and intent of the assessment as described comports with what happened electronically in this case and that the Clerk properly assessed the $53 fee to counsel in the first instance, even though the declined payment did not technically result from an NSF check.

Counsel asks to have the $53 fee waived as unfair. In support, she presents evidence that she had more than sufficient funds in the account for the debit when the declination occurred. Upon investigating what happened here, the Clerk reports that the notation of counsel's bank back to Pay.gov was "No Account/Unable to Locate Account." Typically this notation is provided by a bank because either the payer

entered the wrong account number information when trying to pay or entered an account that is no longer active. While it is not certain, it appears that the problem in this case was that wrong account information was entered when the payment was being entered into the Pay.gov system. The Clerk finds no evidence of malfunction of the Pay.gov system itself in connection with the declined payment.

Waiver of the filing and other fees set in bankruptcy cases is also governed by statute. 28 U.S.C. § 1930(f). Apart from certain situations involving in forma pauperis debtors as addressed in § 1930(f)(1) and (2), Congressional authorization to bankruptcy courts to waive fees is vague. Section 1930(f)(3) provides that "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors." 28 U.S.C. § 1930(f)(3). The issue raised by counsel's motion is whether the circumstances described above meet any identifiable Judicial Conference policy.

Judicial Conference governance of filing and other fees is set forth in a compilation called the Bankruptcy Fee Compendium III (May 1, 2013 Edition), which is also available on the court's website under the tab "Fees." Part K.5.H. at pages 86-87 of the Bankruptcy Fee Compendium III addresses the item number 13 "Returned Check Fee." The Comment thereto states in relevant part that "[t]he clerk may waive the fee if the clerk resubmits the check and it then clears." Although another part of the Bankruptcy Fee Compendium III generally states that "[t]he Judicial Conference has not yet issued a policy waiving fees for other debtors and creditors," Bankruptcy Fee Compendium III (May 1, 2013 Edition), Part K.3., p. 78, the court finds that this specific Comment sets forth Judicial Conference policy on the waiver of the $53 fee.

Again, the Comment contemplates a process that has now been eclipsed to a great degree by the Pay.gov electronic payment system. But if the initial assessment of the fee was authorized when an electronic payment was declined, as the court finds that it was, then the court finds that what happened here meets the standard in this Comment for waiver of the fee. The declined payment was manually "resubmitted" from the same account by a paper check that cleared. Although the Clerk was not in a position to "resubmit" the declined electronic payment, the Comment clearly contemplates that a successful re-submission is grounds for waiver of the $53 NSF assessment. As that is in substance what happened here, the court concludes that it has the authority under § 1930(f)(3) to waive the $53 fee assessed to counsel by the Clerk.

Counsel has shown that sufficient funds to support the debit were in her checking account and by

3

all appearances the problem arose from a simple mistake. The court further finds that cause has been shown for the requested waiver.[1]

Based on the foregoing reasons and authorities, and for cause shown,

**IT IS ORDERED** that the Motion to Waive Service Fee [Doc. # 79] is **GRANTED**; and

**IT IS FURTHER ORDERED** that the $53 fee reflected on the record in the Notice at Doc. # 78 is waived and the Clerk is authorized and directed not to collect this fee.

###

---

[1] The court views both § 1930(f)(3) and the specific policy as discretionary. As the court informed counsel at the hearing, future similar problems and requests may meet with a different result depending on all of the circumstances, including that there was a problem in this case.